UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| GREGORY T. LANCASTER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 0: 08-83-HRW |
| | ) | |
| vs. | ) | |
| | ) | |
| E.K. CAULEY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*  \*\*\*\*  \*\*\*\*

Gregory T. Lancaster ("Lancaster"), an inmate incarcerated at the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"), has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[R. 2] and paid the $5 filing fee. [R. 10]

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As Lancaster is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I.    Factual Background.**

Lancaster was arrested by District of Columbia ("D.C.") police on September 8, 2001 for driving while intoxicated. This arrest also led to his later being charged by federal authorities with

being a felon in possession of a firearm. Lancaster was released after posting bond on September 11, 2001, and was subsequently sentenced to 30 days incarceration, suspended, and one year of probation. Two days later, Lancaster was arrested by Maryland police for trespassing on private property and Arson/Threat. Lancaster posted bond two days later, and the charges were subsequently dropped.

On April 17, 2002, federal marshals arrested Lancaster in D.C. on the federal firearms charges, and he was released on bond the same day. On November 22, 2002, Maryland authorities charged him with resisting arrest. On November 24, 2002, a federal detainer was lodged with Maryland authorities regarding the pending federal charges. Lancaster alleges that shortly thereafter he filed a request with federal authorities under the Interstate Agreement on Detainers ("IAD") seeking to compel a resolution on the pending federal charges, but that he received no response. On April 18, 2003, Maryland sentenced Lancaster to a 4-year term of incarceration, with 2 years suspended, on the resisting arrest charge. Lancaster completed his state prison term on February 19, 2004, via mandatory release, and was surrendered into federal custody pursuant to the detainer.

On May 21, 2004, the D.C. federal court convicted Lancaster of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and sentenced him to an 80-month term of incarceration. *United States v. Lancaster*, 02-98, District of Columbia [R. 23 therein]

Lancaster has provided documents which indicate that he exhausted his current claim through the Bureau of Prisons' inmate grievance process under 28 C.F.R. § 542.15 *et seq*. [R. 6] At each level of the appeal process, the BOP explained that Lancaster had been credited with 99 days of federal presentence credit under 18 U.S.C. § 3585(b) for time spent in state custody on state charges that were either dropped or for which he received a suspended sentence, as well as time spent in federal custody after his release from state custody on February 19, 2004 to his federal

sentencing on May 20, 2004. The BOP further explained that Lancaster could not receive additional credit for time spent in state custody after the federal detainer was lodged, as this time was credited against his state sentence. Because Lancaster received credit against this state sentence for this time, he may not also receive credit against his federal sentence for it. 18 U.S.C. § 3585(b).

**II.    Discussion.**

As a general rule, a prisoner begins to receive credit against his federal sentence when he is received into custody to begin service of his sentence. 18 U.S.C. § 3585(a). In addition, a prisoner may receive credit for time spent in custody prior to the imposition of his sentence, as where the prisoner is detained prior to sentencing on the federal offense, or for certain state detention that has not been credited towards a state sentence. 18 U.S.C. § 3585(b).

In his petition, Lancaster seeks credit against his federal sentence for time spent in the custody of Maryland from November 24, 2002 to February 19, 2004. Petitioner argues that the sole basis for his detention by Maryland authorities was the presence of the federal detainer. Petitioner appears to further argue that, even if this were not so, the presence of the federal detainer caused his security level to increase while in state custody, rendering the circumstances of his state detention less palatable.

With respect to Lancaster's first contention, it is clear that his imprisonment by Maryland authorities was the direct consequence not of the federal detainer, but of the criminal judgment entered against him on April 18, 2003, which sentenced him to a 4-year term of incarceration. Lancaster was held in pre-trial custody by Maryland authorities from November 22, 2002 until April 18, 2003, the date he was sentenced, and thereafter until February 19, 2004 in service of his Maryland state sentence. Section 3585(b) expressly provides that a federal prisoner cannot receive federal sentence credit which has already been credited against another sentence. The time period

for which Lancaster seeks federal sentence credit has already been credited against his state sentence, and therefore may not counted a second time against his federal sentence under Section 3585(b). Any other result would permit a federal prisoner to "double count" his time, a consequence at odds with the plain language of the statute. *Rios v. Riley*, 201 F.3d 257 (3rd Cir. 2000).

Nor does the fact that a federal detainer was lodged against him change this result. A prisoner begins to receive credit against his federal sentence when he is received into federal custody to begin service of that sentence. 18 U.S.C. § 3585(a). It is well-established law that the mere lodging of a federal detainer does not effect a transfer of the prisoner's legal custody from the state to federal government. *Thomas v. Whalen*, 962 F.2d 358, 360 (4th Cir. 1992) ("A detainer neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law."). Even if Lancaster could somehow be considered to have been in federal custody, the fact that he received credit against his Maryland sentence for this time precludes him from receiving a second benefit from that time under the applicable statute. *Tisdale v. Menifee*, 166 F.Supp.2d 789 (S.D.N.Y. 2001) ("even if Tisdale failed to secure his release on bail due to [consequences of the federal detainer], the bar on double credit in § 3585(b) still applies.") (holding that even where subject to federal detainer, statute precludes prisoner from receiving credit for same time against both state and federal sentences).

### III. Conclusion.

Accordingly, **IT IS ORDERED** that:

1. Lancaster's petition for a writ of habeas corpus [R. 2] is **DENIED**.

2. Lancaster's Motion to Effectuate the Statutory Police of Title 28 U.S.C. § 2243 ..." [R. 13] is **DENIED AS MOOT**.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and

Order in favor of the respondent.

This February 26, 2009.



Signed By:
Henry R Wilhoit Jr.
United States District Judge